(No. 771—Claimant awarded $3,673.15.)

DONALD S. BOYNTON *et al.*, EXECUTORS OF THE ESTATE OF CHARLES T. BOYNTON, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 16, 1924.*

INHERITANCE TAX—*when refund may be made—modification of order.* Where an inheritance tax has been assessed and is paid, and afterwards upon proper proceeding, the county court modifies its order and allows a deduction of the amount of a claim against the estate, which through an oversight or inadvertence, was not taken into consideration in the original assessment of the tax, claimant will be entitled to a refund of the difference between the amount of the tax paid under the original order and the amount found due under the order of the court as modified.

EVERETT L. MILLARD, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Charles T. Boynton of Lake County, Illinois, died February 27, 1923, leaving a last will and testament, and

claimants were appointed and qualified executors of said will and testament.

In August, 1923, the county judge of Lake County entered an order fixing the inheritance tax in said estate at $32,045.04 and the same was paid. This was based upon a valuation of the estate at $1,006,065.85, and the total deductions were found to be $262,025.73, leaving a fair value of the appraisable property to be $744,040.12, and an order was entered fixing the tax at said last named sum. At the time of the death of deceased he was guarantor on a demand note of $85,000.00 executed by C. D. Caldwell, payable to the order of the Continental and Commercial Trust and Savings Bank of Chicago, dated January 24, 1921. That $42,500.00 of said note was a primary liability of the decedent, which was paid in due course of administration by claimants, but by inadvertence was not taken into consideration when credits or charges against the estate were deducted as heretofore stated. A petition was later filed by the claimants in the county court showing the facts and the original order was modified ordering a deduction of the last named amount, and a total tax of $28,371.89 in place of the tax as originally fixed. This makes an over-payment by claimants of $3,673.15 which claimants contend should be refunded to them. The Attorney General states that he has investigated the facts and evidence, finds them to be true and consents to an award for the amount claimed. From the statement of the facts, supported by proper evidence and consent of the Attorney General, the court awards the sum of $3,673.15 payable to the claimants.